## In re REEVES.

(Circuit Court, S. D. New York. May 2, 1903.)

1. HABEAS CORPUS—FEDERAL COURTS—DISCHARGING STATE PRISONER.
    A federal court will not discharge a prisoner confined under a conviction by a state court on a writ of habeas corpus, on the ground that the statute under which the trial was held is in violation of the Constitution of the United States, where the state statute provides for an appeal and for the acceptance of bail or a stay of proceedings pending such appeal.

On Petition for Writ of Habeas Corpus.

Karasik & McGovern (Thomas A. Atchison, of counsel), for petitioner.

Wm. Travers Jerome, Dist. Atty.

LACOMBE, Circuit Judge. Petitioner is confined in the penitentiary on Blackwell's Island, New York, under a judgment of the court of special sessions of the city of New York convicting him of a crime. He contends that the section of the Code of Criminal Procedure under which said court took jurisdiction of his case violates certain provisions of the Constitution of the United States, in that it deprives the person there arraigned of a trial by jury, un-

¶ 1. Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.
See Habeas Corpus, vol. 25, Cent. Dig. § 44.

less he can show that the case involves very intricate questions of law and fact, or that some important and material witnesses reside without the state of New York, or that the court is prejudiced, and that a fair trial cannot be had.

The United States Supreme Court has many times condemned the practice of undertaking to review judgments of conviction obtained in state courts by the issue of a writ of habeas corpus, when such judgments may be reviewed by appeals to the state courts and ultimately to the United States Supreme Court, and when all points which may be raised upon the writ can be presented on the appeal. The Code of Criminal Procedure of the state of New York has provided for an appeal from a judgment such as this, and has given power to the proper judicial officer, when there is reasonable doubt whether the conviction should stand, to enlarge on bail or to stay proceedings on the judgment.

For these reasons the petition for a writ of habeas corpus is denied.